**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRED DEVINE, | No. 23-15192 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-05745-SMB-MTM |
| v. | |
| PHOENIX FIRE DEPARTMENT, Named as Phoenix Fire Department, et al.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted March 26, 2024[**]

Before:     TASHIMA, SILVERMAN, and KOH, Circuit Judges.

Fred Devine appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force under the Fourth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because Devine failed to raise a genuine dispute of material fact as to whether defendants used excessive force in arresting him. *See Graham v. Connor*, 490 U.S. 386, 396-98 (1989) (setting forth objective reasonableness standard for excessive force determinations); *see also Scott v. Harris*, 550 U.S. 372, 380 (2007) (an assertion that is "blatantly contradicted by the record, so that no reasonable jury could believe it" will not create a genuine dispute of material fact at summary judgment).

The district court did not abuse its discretion in denying Devine's motion to preclude the officer body camera videos because Devine failed to establish that the evidence was inadmissible. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (setting forth standard for review and explaining that a court can consider admissible evidence in ruling on a motion for summary judgment).

The district court did not abuse its discretion in denying Devine's motion to defer ruling on defendants' motion for summary judgment because Devine failed to show that allowing further discovery would have precluded summary judgment. *See Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827-28 (9th Cir. 2008) (setting forth standard of review and required showing for granting a continuance on a motion for summary judgment).

The district court did not abuse its discretion in denying Devine's motion for sanctions because Devine failed to establish that defendants' counsel made any

misstatements to the court.  *See Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (setting forth standard of review and discussing a court's inherent power to sanction parties).

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).  We do not consider documents not presented to the district court.  *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Devine's motion to supplement the record (Docket Entry No. 9) is denied.

**AFFIRMED.**